# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADELE T. JETER, | ) |
| Plaintiff(s), | ) Case No. 2:14-cv-01489-LDG-NJK |
| vs. | ) ORDER STAYING DISCOVERY |
| UNITED STATES, et al., | ) (Docket Nos. 23, 52) |
| Defendant(s). | ) |

Pending before the Court is Defendant's motion to stay discovery pending resolution of the motion to dismiss. *See* Docket No. 23; *see also* Docket No. 21 (motion to dismiss). Plaintiff filed a response. Docket No. 51. The Court finds this motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the Court hereby **GRANTS** the motion to stay discovery.

Plaintiff, appearing in this action *pro se*, brings claims alleging that President Obama and Senator Reid have infringed on her copyright related to the DREAM Act. *See* Docket No. 12. The United States has moved to dismiss for lack of subject matter jurisdiction. *See* Docket No. 21.[1] In deciding whether to stay discovery pending a dispositive motion, the Court considers whether the motion is potentially dispositive, whether it can be decided without discovery, and whether the Court is convinced that

---

[1] That motion to dismiss also indicates that any claims against President Obama and Senator Reid purportedly in their individual capacities also fail. *See* Docket No. 21 at 1 n.1.

Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2] The Court's determination of whether to stay discovery is guided by the objectives of Rule 1 to provide for the just, speedy and inexpensive resolution of cases. *See id.* at 581. "Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion may occur when dispositive motions raise issues of jurisdiction, venue, or immunity." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

The pending motion to dismiss presents threshold issues, including sovereign immunity and subject matter jurisdiction. That motion is potentially dispositive, can be decided without discovery, and the undersigned is convinced that it will be granted. Accordingly, the Court hereby **GRANTS** the motion to stay discovery. In the event the motion to dismiss is not granted in full, the parties shall confer and file a discovery plan within 14 days of the issuance of the order resolving the motion to dismiss.

In light of the above, the Court further **DENIES** as moot Plaintiff's motion to extend discovery deadlines. Docket No. 52.

IT IS SO ORDERED.

DATED: January 16, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*